UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELISEO A. ULLOA, <br><br> Plaintiff, <br><br> vs. <br><br> WACHOVIA MORTGAGE, FSB; WORLD SAVINGS BANK, FSB; NDEX WEST, LLC; LOAN SOURCE FINANCIAL; MURRY STUART KALISH; BILLY WIGLEY; and DOES 1-20, inclusive, <br><br> Defendants. | Case No: C 09-5570 SBA <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On November 29, 2009, Plaintiff filed the instant action against various entities and individuals whom he alleges defrauded him in connection with a mortgage on his property. The Complaint alleged federal claims under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), along with various state law claims.

On December 30, 2009, Defendant Wachovia Mortgage filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff filed a statement of non-opposition in which he agreed to dismiss his TILA and RESPA claims, and simultaneously filed a First Amended Complaint on February 18, 2010, alleging only state law causes of action. (Docket 25.) Because the federal claims giving rise to this Court's jurisdiction under 28 U.S.C. § 1331 had been dismissed, the Court issued an Order to Show Cause (OSC) on February 24 2010, to show cause why this action should not be dismissed for lack of jurisdiction, without prejudice to refiling in state court.

On March 1, 2010, Plaintiff filed his response to the OSC in which he expressed no objection to the Court declining to assert supplemental jurisdiction, 28 U.S.C. § 1367, over the remaining state law claims and to the dismissal of the case without prejudice to his refiling the

action in state court. As the party invoking this Court's jurisdiction, Plaintiff has the authority to predicate his action solely on state law. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'") (quoting in part Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE to refiling in state court. Each side shall bear its own fees and costs. Nothing in this order shall be construed as having *any* preclusive effect in a subsequently-filed state court action. The Clerk shall close the file and terminate any pending matters in this action.

IT IS SO ORDERED.

Dated: March 2, 2010

                                                 *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge